UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH EDWARD BOVIN BELSKIS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al., )<br>)<br>Defendants ) | No. 2:19-cv-00483-LEW |

## ORDER

Joseph Edward Bovin Belskis filed this civil action on October 21, 2019. He alleges that the Defendants, persons responsible for his welfare and medical care during his term of incarceration at the Fort Dix FCI (2018-2019), demonstrated deliberate indifference and/or failed to observe the standard of care when it came to treating his diabetes, in particular, in relation to the care and treatment of his feet. Although the action arises under federal law, specifically 42 U.S.C. § 1983 and the Federal Tort Claims Act, the United States District Court for the District of Maine lacks jurisdiction over the persons of the Defendants and is an improper venue given that all of the circumstances giving rise to Mr. Belskis's claims occurred in New Jersey and all of the Defendants live in New Jersey or thereabouts.

The matter is before the Court on motions to dismiss presented by the federal defendants (ECF No. 59) and a private physician who has a contract to provide podiatric

services at Fort Dix (ECF No. 81). Defendants ask that I dismiss the case or, alternatively, transfer the case to the District of New Jersey for all further proceedings.

Given that the District of Maine presumptively lacks personal jurisdiction over these New Jersey Defendants (Mr. Belskis has not made any showing contrarywise), *see, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008), and given that Maine is not the appropriate venue for this civil action in any event, *see* 28 U.S.C. § 1391(b), Defendants' motions are hereby GRANTED. Although Mr. Belskis evidently filed this action before fully exhausting the administrative claim associated with his cause under the FTCA, which would militate in favor or dismissal without prejudice rather than transfer, I will transfer the case to the District of New Jersey pursuant to 28 U.S.C. §§ 1404 and 1631 out of concern for the potential application of the statute of limitation to his § 1983 claims.[1]

SO ORDERED.

Dated this 26th day of April, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[1] "[A] section 1983 claim arising in New Jersey has a two-year statute of limitations." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Mr. Belskis complains of conduct occurring through August of 2019. This may leave him ample time to file a new action, but I have no way of determining the impact in relation to his claims against every defendant.