UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH EDWARD BEVIN BELSKIS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-10322 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| DAVID ORTIZ, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.  INTRODUCTION

Plaintiff is a former federal prisoner proceeding *pro se* with a civil complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This case originated in the United States District Court for the District of Maine, where Plaintiff currently resides. While Plaintiff initially paid the filing fee, in July, 2020, the District of Maine granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 29). Thereafter, this matter was transferred to this District due to a lack of personal jurisdiction in Maine against the Defendants. (*See* ECF 84).

Presently pending is Plaintiff's motion for objection, construed as a motion for reconsideration of this Court's April 27, 2022 opinion. More specifically, Plaintiff objects to this Court's notation that Defendant Barry Wisler (hereinafter "Wisler") was no longer a Defendant

---

[1] This Court previously dismissed Plaintiff's claim under the Federal Tort Claims Act ("FTCA") against the United States. (*See* ECF 106 & 107).

in this case.[2] For the following reasons, Plaintiff's motion for objection is granted. Plaintiff may proceed with his *Bivens* claim against Wisler.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the care, or lack thereof, Plaintiff received while he was a federal prisoner incarcerated at F.C.I. Fort Dix, in Fort Dix New Jersey.[3] Plaintiff alleges (at least in part) that Wisler is a podiatrist *employed by* the Federal Bureau of Prisons.[4] (*See* ECF 108 at 15) (emphasis added). With respect to Plaintiff's particular allegations about the care he received, this Court previously noted as follows:

> Plaintiff is a diabetic with a history of lower extremity vascular disease. He suffers from foot ulcers and has had two toes amputated. A physician prescribed that Plaintiff receive a new pair of special diabetic shoes by July 1, 2018. On May 7, 2018, Plaintiff reported to the F.C.I. Fort Dix Health Services Unit. Defendant Sceusa acknowledged that Plaintiff would need a new pair of shoes on July 1, 2018. However, Plaintiff did not receive a new pair of shoes until over one year later in August, 2019. During the period from July, 2018, to August, 2019, Plaintiff complained to a host of people that he needed new shoes so he could walk without further injury to his feet. Plaintiff later explains that "throughout this time" he complained to Defendants Ortiz, Sceusa, Kodger, Hacynski, Cassano, Turner-Foster, Patel and Elias ([and Wisler]). Plaintiff states the new diabetic shoes he received on August 7, 2019 [by Wisler] were not meant for diabetics who had toe amputations. Thus, Plaintiff could not walk properly in them.
>
> On August 12, 2019, Plaintiff returned to the Health Services Unit and complained to Defendant Haczynski that he could not walk properly in the newly issued shoes. Defendant Haczynski refused to listen to Plaintiff and told him that he would take the newly

---

[2] Plaintiff also has a pending motion for the appointment of pro bono counsel (*see* ECF 116) that has been referred to Magistrate Judge Donio to decide in this instance.

[3] The Federal Bureau of Prisons inmate locator notes that Plaintiff was released from federal incarceration on November 25, 2019. *See* https://www.bop.gov/inmateloc/ (last visited on August 22, 2022).

[4] Plaintiff though also alleges Wisler is employed by County Podiatry Associates in Hamilton Township, New Jersey. (*See* ECF 108 at 3).

2

> issued shoes back and order him regular institution boots if he was not satisfied.
>
> Plaintiff complains about not only the delay in receiving his prescribed diabetic shoes by July 1, 2018, but also that once he received diabetic shoes, they caused him extreme pain. Plaintiff claims he suffered from an increased risk of further amputations, extreme pain in his feet and legs, ankle inversion, bipedal instability and diabetic foot ulcers as a result.

(ECF 108 at 15 (internal citations omitted).

In April, 2021, the District of Maine determined that it lacked personal jurisdiction over all Defendants, including Wisler, and transferred the entire case to this District. (*See* ECF 84). Thereafter, Defendants, other than Wisler, filed a motion to dismiss the complaint. (*See* ECF 91). Wisler did not file anything in this Court at that time.

On March 1, 2022, this Court struck Plaintiff's original complaint because it lacked a signature. (*See* ECF 100). Furthermore, the non-Wisler Defendants' motion to dismiss was administratively terminated subject to reinstatement when Plaintiff submitted a signed complaint. (*See id.*).

Plaintiff subsequently filed a signed complaint. (*See* ECF 105 & 108). This Court then reinstated and granted in part and denied in part the non-Wisler Defendants' motion to dismiss on April 27, 2022. This Court dismissed Plaintiff's FTCA claim against the United States without prejudice, but denied the remainder of the non-Wisler Defendants' motion to dismiss. (*See* ECF 106 & 107). In that opinion, and most relevant to Plaintiff's pending motion for objection, this Court erroneously noted that the District of Maine had dismissed Wisler as a Defendant (*see* ECF 106 at 2 n.1), when, in fact, the District of Maine merely transferred *the entire case* to this Court.

On May 9, 2022, Plaintiff filed a motion for objection, construed as seeking reconsideration of this Court's previous finding that Wisler was no longer a Defendant in this case. (*See* ECF 109). It was only after Plaintiff filed that motion that counsel for Wisler entered a notice of appearance in this District as well as a response in opposition to Plaintiff's motion for objection. (*See* ECF 110, 112-14).

### III. LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked...." Local Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

### IV. DISCUSSION

Plaintiff's motion for objection has facial merit as the District of Maine's order did not dismiss Wisler, but rather transferred the entire case to this District. Nevertheless, Wisler argues in response to Plaintiff's motion for objection that he should remain dismissed as a Defendant. More specifically, Wisler argues dismissal is appropriate because Maine lacked personal jurisdiction over him and/or because Plaintiff failed to state a *Bivens* claim against him. These arguments by Wisler are considered in turn.

A. <u>Personal Jurisdiction</u>

Wisler first opposes Plaintiff's motion for objection arguing he should remain dismissed as a Defendant in this District because there was no personal jurisdiction over him *in Maine*. This argument lacks merit. The District of Maine *transferred* the entire action rather than dismiss it for lack of personal jurisdiction. This was perfectly appropriate under these circumstances. *See Turner v. Boyle*, No. 12-7224, 2013 WL 1409903, at *6 (D.N.J. Apr. 8, 2013) (citing *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986) ("A district court has broad discretion when it comes to deciding whether to transfer or dismiss a case for lack of personal jurisdiction and improper venue."); *see also Subsalve USA Corp. v. Watson Mfg., Inc.*, 392 F. Supp. 2d 221, 224 (D.R.I. 2005) (citing *Cimon v. Gaffney,* 401 F.3d 1, 7 n.21 (1st Cir. 2005); *Geary v. Goldstein,* 782 F. Supp. 725, 730 (D.R.I. 1992)) ("The decision to transfer [for lack of personal jurisdiction] rests within the Court's discretion.").

B. <u>Failure to State a Claim</u>

Wisler next argues Plaintiff's *Bivens* claim against him should be dismissed because Plaintiff failed to state a claim upon which relief may be granted. District courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B).[5] Indeed, district courts can *sua sponte* dismiss any claim that is frivolous or malicious, where a plaintiff fails to state a claim upon which relief may be granted, or where the plaintiff seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[5] This Court utilizes its screening powers in analyzing this portion of Wisler's arguments given that they were made in response to Plaintiff's motion for objection rather than pursuant to a motion to dismiss filed by Wisler. Nevertheless, this is a distinction without a difference given, as described *infra*, screening under § 1915(e)(2)(B) for failure to state a claim applies the same standard as analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

> The Supreme Court has recognized, *in limited situations*, a private cause of action against federal officials. *See Bivens*, 403 U.S. at 389. "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001); *see also Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018) (stating "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations."). "In order to state a claim under *Bivens*, a claimant must show: (1) a

deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *Doty v. United States*, Civ. No. 15-3016, 2016 WL 3398579, at *6 (D. N.J. June 15, 2016) (citations omitted).

*Bivens* permits a damages remedy "to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has extended *Bivens* to only a few other limited constitutional violations. *See id.* For example, in *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court held that the Fifth Amendment Due Process Clause gave an administrative assistant a damages remedy against a Congressman for firing her due to gender. *See Ziglar*, 137 S. Ct. at 1854. In *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court held the Eighth Amendment gave a prisoner's estate a damages remedy against prison officials for failing to provide adequate medical treatment. *See Ziglar*, 137 S. Ct. at 1855; *see also Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022) (noting the Supreme Court has only recognized implied causes of action in *Bivens*, *Davis* and *Carlson*). Plaintiff's *Bivens* claims against the Individual Moving Defendants fall within its purview since Plaintiff seeks relief against them for their purported deliberate indifference to his serious medical needs.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison

> medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
>
> *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

(ECF 106 at 13-15).

Wisler first asserts Plaintiff fails to state a *Bivens* claim against him because he does not allege Wisler is a federal employee. Plaintiff though alleges that Wisler is a podiatrist *employed by* the Bureau of Prisons. (*See* ECF 108 at 15) (emphasis added). Wisler's argument that no *Bivens* claim can proceed against him because he is a private contractor rather than a Bureau of Prisons employee is therefore premature given Plaintiff's allegation described above which is construed as true at this pleading stage. *See, e.g.*, *Faith v. Valkovci*, No. 20-182, 2021 WL 3212847, at *4 (W.D. Pa. July 29, 2021) (footnote omitted) (citing *Bivens*, 403 U.S. at 397) (*Bivens* permits a private cause of action against federal employees sued in their individual

capacities for money damages for violations of certain constitutional rights). This argument by Wisler is more appropriately raised at the summary judgment stage given these circumstances.

Wisler next argues Plaintiff fails to state a *Bivens* claim against him because he fails to allege Wisler violated a constitutional right. More specifically, Wisler argues Plaintiff fails to allege any personal involvement of himself because Plaintiff does not allege he complained to Wisler about improper footwear. This Court disagrees. Indeed, Plaintiff alleges he complained innumerable times to the Defendants, and specifically names Wisler as one of the Defendants to whom he complained to. (*See* ECF 108 at 15). This Court previously held such allegations were sufficient at this pleading stage to permit Plaintiff's *Bivens* claim against several of the other Defendants to proceed. (*See* ECF 106 at 17-20). The same holds true with respect to Wisler. Thus, Plaintiff's *Bivens* claim against Wisler shall be permitted to proceed.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion of objection, construed as a motion for reconsideration, is granted. The portion of this Court's April 27, 2022 opinion that noted that Wisler was no longer a Defendant in this case shall be amended. Plaintiff may also proceed with his *Bivens* claim against Wisler. An appropriate order will be entered.


DATED:  August 22, 2022                                s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge